UNITED STATES DISTRICT COURT
FOR THE THIRD CIRCUIT OF DELAWARE

Dennis D. Carson
PO Box 124
Camden Wyoming, 19934
Plaintiff

Vocational Rehabilitation
Carole's Plaza
1114 South Dupont Hiway, Suite 105
Dover, Delaware 19901
Defendants



## INTRODUCTION

1. Almost a decade after Congress passed the Americans with Disabilities Act the staff of Vocational Rehabilitation in Dover, Delaware is not aware that this legislation exists.
2. 42 U,S.C.S. § 12131-12134 of the Americans with Disabilities Act prohibits a public entity from discriminating against a qualified person with disabilities in the provision or operation of public services, programs, or activities.

## JURISDICTION

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343

## VENUE

4. Venue is proper within this District pursuant to 28 U.S.C. § 1391

## PARTIES

5. Plaintiff, Dennis D. Carson went to Vocational Rehabilitation in Dover, Delaware for services because he suffers from depression and gets social security. Plaintiff wanted help paying for his tuition at Wesley College where plaintiff is studying to be a paralegal
6. Jeffery Ansley who was plaintiff's counselor told the plaintiff, "Vocational Rehabilitation would not be able to help him with his tuition because he has a disability and still sees a physiatrist to get medication for depression. He made no reference to wheather or not plaintiff was capable of completing the program of study at Wesley College or doing the work of a paralegal.

## GENERAL ALLEGATIONS

7. Vocational Rehabilitation violated 42 U.S.C.S. § 12131-12134 of the Americans with Disabilities Act by discriminating against the plaintiff because plaintiff has a disability.

Plaintiff's counselor Jeffery Ansley said, "Because I am still seeing a physiatrist for medication to treat my depression I cannot receive services from Vocational Rehabilitation". In other words the only people who vocational rehabilitation will help are perfectly healthy people. The Americans with disabilities Acts makes reference to reasonable accommodations such as a person needing a walker. Likewise plaintiff considers him taking medication a reasonable accommodation.

8. It is not like the plaintiff is incapable of determining his own destiny. The defendants are well aware that in 2003, plaintiff earned a bachelor's degree from Wilmington College. In 2004, Plaintiff earned a master's degree from Wilmington College.

The physiatrist that vocational rehabilitation sent plaintiff to see has since became plaintiff's personal physiatrist, and he feels very adament that vocational rehabilitation should pay for plaintiff's tuition. Doctor Villabona has even written Vocational Rehabilitation a letter explaining they should pay for plaintiffs tuition. Vocational rehabilitations decision to not give plaintiff services was blantently based on the fact that plaintiff has a disability. Jeffery Ansley said, "The reason Vocational Rehabilitation was not going to give plaintiff services was because a psychologist (who never even saw the plaintiff) recommended against it because the plaintiff has a disability and still see a physiatrist to get medication to treat plaintiff's depression". No mention was ever made to whether or not plaintiff was capable of completing the program of study for a certificate in paralegal studies or doing the work of a paralegal. If Vocational Rehabilitation wanted to be fair they would have said, "Two years ago while plaintiff was taking the same medication plaintiff is taking now plaintiff completed a master's degree in human resource management with a high B grade point average at Wilmington College.

## FIRST CLAIM FOR RELIEF

9. 42 U.S.C.S. § 12131-12134 prohibited any public entity from discriminating against qualified persons with disabilities in the provision or operation of public services, programs, or activities. The defendant's blatant disregard for the law has caused the plaintiff to suffer but not limited to:
   A. Loss of future earnings
   B. Anxiety
   C. Distress
   D. Feelings of hopelessness

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:
   1. This court assumes jurisdiction
   2. That this court declares the defendants violated the Americans with Disabilities Act 42 U.S.C.S. § 12131-12134
   3. That this court award compensatory damages to the plaintiff in the amount of $50,000
   4. That this court award punitive damages to the plaintiff in the amount of $50,000 to punish the defendants for their willful conduct
   5. That this court award the plaintiff for the time it took to prepare this law suit
   6. That this court award such addition or alternative relief as may be just, proper and

equitable

**JURY DEMANDED:** Plaintiff demands a jury on all issues which can be heard by a jury.

Dated: March 29, 2006

Respectfully Submitted

*Dennis D. Carson*

Dennis D. Carson

Address of plaintiff:
PO Box 124
Camden Wyoming, Delaware 19934
Phone Number (302) 399-9369

nnis Carson
Box 124
mden Wyoming Delaware 19934



Clerks of file
District Court
844 King street
lockbox 18
Wilmington, Delaware 19801